FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 17, 2022

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

Plaintiff,

v.

JORDY SCOTT DEBOER,

Defendant.

No. 2:22-CR-00094-TOR-2

ORDER FOLLOWING DETENTION REVIEW HEARING

**MOTIONS GRANTED (ECF Nos. 64 and 65)**

On November 16, 2022, the Court held a detention review hearing to consider Defendant JORDY SCOTT DEBOER's Motion to Modify Conditions of Release and Motion to Expedite Hearing, **ECF Nos. 64, 65**. Defendant appeared while in custody with Attorney Mark Prothero. Assistant U.S. Attorney Caitlin Baunsgard represented the United States. U.S. Probation Officer Patrick J. Dennis was also present.

Specifically, Defendant seeks **release to Pioneer Center East (PCE), an inpatient substance abuse treatment facility on November 17, 2022, at 10:00 a.m.** to avail himself of substance abuse treatment. The United States and U.S. Probation do not oppose the motion.

Defendant, through counsel, presented a proposed release plan to inpatient treatment, noting all parties are in agreement with the treatment plan. The Court also addressed Defendant.

The Court has reviewed the Pretrial Services Report, ECF No. 44, and Defendant's Motion to Modify Conditions of Release and Motion to Expedite, **ECF Nos. 64, 65**. The Court finds pursuant to 18 U.S.C. § 3142(i) a compelling reason exists to release Defendant on a temporary furlough for the purpose of seeking inpatient substance abuse treatment.

Accordingly, the Court finding good cause, **IT IS ORDERED** Defendant's Motions, **ECF Nos. 64, 65 are GRANTED**. Pursuant to 18 U.S.C. § 3142(i), Defendant shall be released on a temporary furlough to a SPARC staff escort who will transport him to the facility **on November 17, 2022, at 10:00 a.m.** ***PROVIDED*** that Defendant's treatment and release from custody is on the express condition that treatment does not hinder or delay the adjudication of this case, and that the Defendant appear in person when required regardless of treatment status and maintain adequate contact with defense counsel.

Defense counsel shall file a proposed release plan prior to a status hearing if they seek continued release of Defendant following successful completion of inpatient substance abuse treatment.

**Absent further order of the Court, Defendant shall return to the custody of the U.S. Marshal upon completion of treatment.** While released from the U.S. Marshal's custody, Defendant shall be subject to the following conditions:

**STANDARD CONDITIONS OF RELEASE**

**(1)** Defendant shall not commit any offense in violation of federal, state, or local (including tribal) law. Defendant shall advise the supervising Pretrial Services Officer and defense counsel within one business day of any charge, arrest, or contact with law enforcement. Defendant shall not work for the United States government or any federal or state law enforcement agency unless Defendant first notifies the supervising Pretrial Services Officer in the captioned matter.

**(2)** Defendant shall reside at the inpatient substance abuse treatment facility at all times unless otherwise authorized by the Court.

**(3)** Defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as directed.

**(4)** Defendant shall remain in the Eastern District of Washington while the case is pending. Defendant may be permitted to travel outside this geographical area *with advance notice and approval* from U.S. Probation.

**(5)** Defendant shall sign and complete A.O. Form 199C before being released and shall reside at the address furnished.

**(6)** Defendant shall not possess a firearm, destructive device, or other dangerous weapon.

**(7)** Defendant shall report to the United States Probation Office before or immediately after release and shall report as often as they direct, at such times and in such manner as they direct.

**(8)** Defendant shall contact defense counsel at least once a week.

**(9)** Defendant is further advised, pursuant to 18 U.S.C. § 922(n), it is unlawful for any person who is under indictment for a crime punishable by imprisonment for a term exceeding one year, to possess, ship or transport in interstate or foreign commerce any firearm or ammunition or receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

**(10)** Defendant shall refrain from the use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner in conformance with Federal law. Defendant may not use or possess marijuana, regardless of whether Defendant has been authorized medical marijuana under state law.

**(11)** Defendant shall surrender any passport and enhanced driver's license to Pretrial Services and shall not apply for replacements.

## ADDITIONAL SPECIAL CONDITIONS OF RELEASE

**(12)** **Inpatient Treatment**: Defendant shall immediately enter into and successfully complete an inpatient treatment program at the in-patient facility at PCE. Pretrial Services will monitor Defendant while in treatment. Defendant shall comply with all directives of the U.S. Probation Officer. Prior to commencing any evaluation or treatment program, Defendant shall provide waivers of confidentiality permitting the United States Probation Office and the treatment provider to exchange without qualification, in any form and at any time, any and all information or records related to Defendant's conditions of release and supervision, and evaluation, treatment and performance in the program. It shall be the responsibility of defense counsel to provide such waivers.

**(13)** Defendant shall abstain totally from the use of alcohol.

**(14)** Defendant shall avoid all contact, direct or indirect, with any persons who Defendant would reasonably know are or may become a victim or potential witness in the subject investigation or prosecution. Pretrial Services may but is not required to exempt specific named individuals from this prohibition, including but not limited to immediate family members or co-workers.

**(15)** Defendant shall submit to random urinalysis and/or breathalyzer testing as directed by the United States Probation/Pretrial Services Office for determining whether the Defendant is using a prohibited substance. Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing.

**(16)** Defendant shall refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of prohibited substance testing.

**(17)** If Defendant terminates any substance abuse and/or mental health treatment program before it is completed, the treatment provider and Defendant shall immediately notify the U.S. Probation Officer, and Defendant shall immediately return to the custody of the U.S. Marshal.

**(18)** **<u>Following inpatient substance abuse treatment, Defendant shall return to the custody of the U.S. Marshal Service.</u>**

**IT IS SO ORDERED.**

DATED November 17, 2022.




JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE